**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| SHARKNINJA OPERATING LLC and SHARKNINJA SALES COMPANY,<br><br>*Plaintiffs,*<br><br>v.<br><br>KINGPOT GLOBAL LIMITED,<br><br>*Defendant.* | CASE NO.: 1:26-cv-14857<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

Plaintiffs SharkNinja Operating LLC and SharkNinja Sales Company (together, "SharkNinja") allege as follows against Defendant Kingpot Global Limited ("Defendant").

1. This is an action for patent infringement arising from Defendant's making, using, offering for sale, selling, and importing into the United States unauthorized products that infringe SharkNinja's design patent. SharkNinja owns U.S. Patent No. D1,091,236 (the "'236 Patent").

2. The '236 Patent is valid, subsisting, and in full force and effect. SharkNinja is the owner and lawful assignee of all right, title, and interest in the '236 Patent, which was duly issued by the United States Patent and Trademark Office. A true and correct copy of the '236 Patent is attached as **Exhibit A**.

3. Defendant directly and indirectly imports, develops, designs, manufactures, distributes, markets, offers for sale, and sells products that infringe the '236 Patent in the United States, including in this Judicial District, and Defendant purposefully directs infringing activities to this District. Defendant conducts marketing and sales activities through fully interactive e-commerce storefronts on major online marketplaces (collectively, "Internet Stores").

4. SharkNinja's Ninja SLUSHi frozen drink makers (collectively, the "Ninja SLUSHi") incorporate the ornamental design claimed in the '236 Patent. Defendant's ZABINS-branded products sold through Internet Stores also embody that claimed ornamental design and are inferior imitations of the Ninja SLUSHi.

5. As a result of Defendant's infringing actions, SharkNinja has suffered and continues to suffer irreparable harm from the loss of its exclusive rights to make, use, sell, offer for sale, and import products embodying the patented design, and therefore seeks injunctive relief.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because SharkNinja asserts claims arising under the patent laws of the United States, including 35 U.S.C. §§ 1 et seq.

7. Defendant is subject to personal jurisdiction in this District because it purposefully directs business activities to the United States, including to the Commonwealth of Massachusetts and this Judicial District, through fully interactive e-commerce storefronts accessible to consumers in Massachusetts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant committed acts of infringement in this District and transacts business here. Venue is also proper under 28 U.S.C. § 1391(c)(3).

## THE PLAINTIFF

9. SharkNinja Operating LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 89 A Street, Suite 100, Needham, Massachusetts 02494. SharkNinja is the registered applicant and assignee of the '236 Patent. SharkNinja Sales

Company is a wholly owned subsidiary of SharkNinja Operating LLC. SharkNinja Sales Company is an implied licensee of the ’236 Patent.

10. SharkNinja began three decades ago with a mission to provide efficient, user-friendly, and affordable household appliances. From its start as a one-person company, SharkNinja has grown into a market leader and global brand with more than twenty categories of home appliance products, including floorcare, environmental products such as fans and purifiers, kitchen appliances, and frozen drink makers and systems. SharkNinja now has eight offices and thousands of employees in the United States.

11. SharkNinja has a well-known history as a pioneer and innovator. It devotes significant resources to research and development, including a team of more than 800 design engineers focused on developing new products and features to improve and transform household appliances. This approach has been overwhelmingly successful: SharkNinja has been awarded more than 4,500 patents on its home-appliance technologies and designs, and the ’236 Patent asserted in this action reflects that history of innovation.

12. SharkNinja is involved in the sale and distribution of the Ninja SLUSHi and has been harmed by Defendant’s infringing activities.

**THE NINJA SLUSHi**

13. This action concerns SharkNinja’s intellectual property rights related to its “i” class of home appliances, and specifically the Ninja SLUSHi, which brings innovative solutions to home kitchens. SharkNinja began the “i” class with the Ninja FOODi line of multi-cookers. Its innovation continued with the Ninja CREAMi, an ice-cream maker launched in August 2021 that drew significant consumer and press attention for allowing users to create ice-cream–style desserts from nearly any ingredient. SharkNinja expanded the lineup with the Ninja SPEEDi, a 10-in-1

rapid cooker launched in March 2023, and the Ninja THIRSTi, a carbonated beverage maker released in July 2023. One of SharkNinja's most recent offerings in this lineup is the Ninja SLUSHi, a countertop frozen drink maker that brings the professional-grade slush machine into the home.

14. Launched on July 11, 2024, the Ninja SLUSHi created a new frozen-drink appliance category for home consumers. Before the Ninja SLUSHi, slush machines of this kind were available predominately in retail environments due to their large size, high price point, and complicated operation. The Ninja SLUSHi reimagines the classic slush machine for the home, permitting consumers to make frozen slush drinks safely and quickly without ice. Examples of the Ninja SLUSHi are shown below:

| | | |
|---|---|---|
|   |  |  |
| *Ninja SLUSHi* | *Ninja SLUSHi XL* | *Ninja SLUSHi Max* |

15. Following its launch, the Ninja SLUSHi gained a passionate consumer following, including numerous positive online reviews. Its success resulted from months of consumer research, engineering, development, and industrial design work by SharkNinja. SharkNinja holds significant intellectual property rights relating to the innovations in the Ninja SLUSHi, including the design protected by the '236 Patent.

16. SharkNinja later introduced the Ninja SLUSHi XL and SLUSHi Max Smart Frozen Drink Makers, which feature larger-capacity (128 and 150 oz) mixing vessels, faster cooling, and SharkNinja's SlushAssist™ technology. That technology senses ingredients and auto-adjusts temperature while maintaining a countertop-sized form factor.

17. The Ninja SLUSHi includes the Ninja SLUSHi Professional Frozen Drink Maker (model FS301), the Ninja SLUSHi XL Smart Frozen Drink Maker, and the Ninja SLUSHi Max Smart Frozen Drink Maker.

18. SharkNinja is the official source of the Ninja SLUSHi in the United States.

19. SharkNinja Operating LLC is the owner and lawful assignee of all right, title, and interest in the '236 Patent.

20. The Ninja SLUSHi embodies the ornamental design depicted and claimed in the '236 Patent.

## **THE '236 PATENT**

21. SharkNinja has filed for and obtained patent protection for its technological developments and ornamental designs in the field of frozen drink makers. The innovative ornamental design claimed in the '236 Patent is the product of significant research, testing, and design efforts by SharkNinja's engineers.

22. The '236 Patent concerns frozen drink makers. See Ex. A. Specifically, it claims aspects of the ornamental design of a collection tray for a drink maker, as shown in exemplary Figures 1 through 3 of the '236 Patent:


FIG. 1


FIG. 2


FIG. 3

23. The ’236 Patent contributes to the success of the Ninja SLUSHi because the claimed collection tray is a distinctive and visible element of the product’s overall appearance.

24. SharkNinja recognized the importance and market value of the ’236 Patent and has used the ornamental design claimed in the ’236 Patent in the Ninja SLUSHi.

25. SharkNinja has marked the Ninja SLUSHi with the ’236 Patent’s number, including by stating on the product box that “[t]his product may be covered by one or more U.S. Patents. See sharkninja.com/patents for more information.” That URL directs to the following marking, which lists the Ninja SLUSHi (FS3 series), including the Ninja SLUSHi Professional Frozen Drink Maker (FS301), with the ’236 Patent:

**Ninja Frozen Drink Makers**

**Ninja SLUSHi® (FS3 series)**

- 12,279,629
- 12,285,028
- D1,076,580
- D1,081,231
- D1,081,232
- D1,081,233
- D1,081,234
- D1,091,236
- D1,143,781
- 12,446,594
- 12,593,855
- 12,610,966
- 12,714,123
- 12,721,362

## THE DEFENDANT

26. Defendant Kingpot Global Limited (Business Registration No. 78506759) is, on information and belief, a limited company organized under the laws of Hong Kong SAR of China, with a business address at Room 9042, 9th Floor, Block B, Chung Mei Centre, 15–17 Hing Yip Street, Kwun Tong, Kowloon, 999077, Hong Kong. Public records, including the "ZABINS" storefront on Amazon.com (Seller ID: A1V0ZSNCS7TM4I), which identifies its business name as "KINGPOT GLOBAL LIMITED" and its business address as the address above, indicate that Defendant operates the Amazon store that sells the ZABINS-branded products that embody the '236 Patent.

27. The Amazon.com listing for the ZABINS-branded product (ASIN: B0FQTZ5ZZB) identifies the brand as "ZABINS" and the seller as "ZABINS."

28. On information and belief, Defendant sells, offers to sell, distributes, or facilitates the sale of ZABINS-branded products to consumers in the United States, including in this District, through fully interactive e-commerce marketplaces and online storefronts accessible to Massachusetts residents.

29. Defendant sells the ZABINS-branded products (the "Accused Products") that bear a striking resemblance to the Ninja SLUSHi and make unauthorized use of the ornamental design claimed in the '236 Patent.

30. An exemplary image of the ZABINS unit, taken from its Amazon.com listing, and photographs of the collection tray of a ZABINS sample purchased through that listing, taken on October 22, 2026, in Needham, Massachusetts, are shown below at left, with the Ninja SLUSHi (FS301) and its collection tray at right for reference:

<table>
<tr><th>ZABINS (Amazon.com listing)</th><th>Ninja SLUSHi</th></tr>
<tr><td>



***ZABINS listing, front view***

*Source: Amazon.com listing, https://www.amazon.com/dp/B0FQTZ5ZZB, captured October 22, 2026.*

</td><td>




***Ninja SLUSHi listing, front view***

*Source: Amazon.com listing for Ninja SLUSHi Professional Drink Maker, FS301, captured October 21, 2026.*

</td></tr>
<tr><td>




***ZABINS listing, operation view***

*Source: Amazon.com listing, https://www.amazon.com/dp/B0FQTZ5ZZB, captured October 22, 2026.*

</td><td>




***Screenshot of product video on the Ninja SLUSHi Amazon listing***

*Source: https://www.amazon.com/dp/B0D2LZYQ2M, captured October 21, 2026.*

</td></tr>
</table>

| **ZABINS (Amazon.com listing)** | **Ninja SLUSHi** |
| --- | --- |
|  ***ZABINS sample, collection tray, view corresponding to FIG. 1*** *(photographed October 22, 2026, Needham, Massachusetts).* |  ***Ninja SLUSHi collection tray*** *(photographed October 21, 2026, Needham, Massachusetts.)* |

<u>**FIRST CLAIM FOR RELIEF**</u>
***(Infringement of U.S. Patent No. D1,091,236)***

31. SharkNinja incorporates and realleges paragraphs 1 through 30 of this Complaint.

32. SharkNinja is the assignee of the ’236 Patent, entitled “Collection Tray for a Drink Maker,” with ownership of all substantial rights in the ’236 Patent, including the rights to exclude others from practicing the patented design and to enforce, sue, and recover damages for infringement.

33. The ’236 Patent is valid, enforceable, and was duly issued on September 2, 2025, from U.S. Patent Application No. 29/987,972, filed on January 28, 2025.

34. Defendant has made, used, offered to sell, sold, and/or imported into the United States ZABINS-branded products, including the Accused Products, that appropriate the patented ornamental design of the ’236 Patent, and thus directly infringe the ’236 Patent under 35 U.S.C. § 271(a).

35. The Accused Products embody and appropriate the overall visual appearance and ornamental features claimed in the ’236 Patent and are substantially the same in overall impression to the patented design.

36. For example, the Accused Products bear a substantially similar overall ornamental appearance to the design claimed in the ’236 Patent, shown below:

| **Figure from the ’236 Patent** | **Image of Accused ZABINS Product** |
|---|---|
|  FIG. 1 |   |
|  FIG. 2 |   |
| FIG. 3  |   |

37. At a minimum, Defendant has had knowledge of the ’236 Patent since the filing date of this Complaint. In addition, SharkNinja has provided constructive notice of the ’236 Patent through its public patent-marking page (https://www.sharkninja.com/patents.html) since at least October 25, 2025.

38. SharkNinja has been damaged by Defendant’s infringement and is entitled to equitable relief under 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, SharkNinja respectfully requests that the Court enter judgment in its favor and against Defendant, and award the following relief:

a. A judgment that Defendant has infringed the ’236 Patent under 35 U.S.C. § 271(a).

b. A preliminary and permanent injunction, pursuant to 35 U.S.C. § 283, restraining Defendant and its subsidiaries, officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participation with it from making, using, offering to sell, selling, or importing into the United States any products, including ZABINS-branded products and the Accused Products, that embody, appropriate, or are colorably similar to the ornamental design claimed in the ’236 Patent.

c. Such further and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), SharkNinja demands a trial by jury on all issues so triable.

Dated: October 27, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

*/s/ Emyr T. Remy*
Emyr T. Remy (BBO# 704156)
One Federal Street, Suite 2620
Boston, MA 02110
(617) 531-1411
remy@shb.com

***Attorneys for Plaintiffs***
***SHARKNINJA OPERATING LLC and***
***SHARKNINJA SALES COMPANY***